### MADERO et al. v. CALZADO et al.
### (No. 7448.)

(Court of Civil Appeals of Texas. San Antonio. June 24, 1925.)

**1. Process ⬅⮕96(2)—Affidavit for publication of citation for unknown heirs held not defective.**

An affidavit for publication of citation for unknown heirs was not defective because word "unknown," used in connection with heirs, was not followed by word "to affiant," as want of knowledge could be referred only to the affiant.

**2. Process ⬅⮕38—Date of issuance held sufficient noted on citation.**

Published citation for unknown heirs containing words "issued same day" *held* to sufficiently note date of issuance in compliance with Vernon's Sayles' Ann. Civ. St. 1914, arts. 1876 and 2180.

**3. Judgment ⬅⮕407(3)—Remedy of plaintiffs alleging invalidity of judgment obtained against them through publication of citation for unknown heirs stated.**

Plaintiffs, alleging that judgment obtained against them by publication of citation for unknown heirs was void and affidavit defective, should have availed themselves of Vernon's Sayles' Ann. Civ. St. 1914, art. 2026, authorizing new trial for good cause shown, and, not having done so, temporary writ of injunction was properly refused.

Appeal from Seventy-Third District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit for injunction by Gustavo Madero and others against Eusebio Calzado and others. From a judgment denying them relief, plaintiffs appeal. Affirmed.

Hicks, Hicks, Dickson & Bobbitt, of San Antonio, for appellants.

William C. Church and Douglas N. Lawley, both of San Antonio, for appellees.

FLY, C. J. Appellants Gustavo Madero, Carolina Madero, Gabrielo Madero, the latter a minor suing through his brother Gustavo Madero, instituted this suit against Eusebio Calzado, Martiniano Calzado, Carolina Villareal de Madero, and the Mexico-Texas

Petroline & Asphalt Company, stating that the complaint against Carolina Villareal de Madero was pro forma, and alleged that the appellants are the children of Gustavo A. Madero, deceased, and Carolina Villareal de Madero, a widow, and the sole heirs of their parents; that their father died on February 18, 1913, leaving as his survivors the widow and children herein named, and at the time of his death was possessed of 3,350 shares of the capital stock of the Mexico-Texas Petroline & Asphalt Company, of the par value of $10 each, and when he died intestate his children inherited one half the said shares, while the widow was possessed of the other half. It was alleged that on August 23, 1925, Eusebio Calzado filed a suit in the district court of the Seventy-Third Judicial district of Bexar county against Gustavo A. Madero and Carolina Villareal de Madero and their unknown heirs to recover a debt of $12,409.-76½; that a writ of garnishment against the company herein named was issued. The Mexico-Texas Petroline & Asphalt Company answered that none of the appellees owned any shares in its company, but that Gustavo A. Madero owned 3,350 shares. It was alleged that appellees were cited by publication, but none of them appeared in person or by attorney, and judgment was rendered against them, an attorney being appointed by the court to represent them, for the debt and interest, and the garnishment lien was foreclosed on the shares of stock. It was further alleged that the shares of stock were sold under an order of sale and purchased by Martiniano Calzado, a brother of Eusebio, for $3,350. It was alleged that the judgment was void as to appellees because of want of jurisdiction in the court because Eusebio Calzado knew the names and residence of the heirs of Gustavo A. Madero, and because the affidavit for citation by publication was defective. Other defects were alleged in the pleadings in the original case.

[1] The affidavit for publication of citation for unknown heirs was made by an attorney for Eusebio Calzado, as follows:

"That the residence of the defendant Gustavo A. Madero is unknown to affiant, and that the names of the heirs of Gustavo A. Madero are unknown, and that the defendant Carolina Villareal de Madero is a nonresident of the state of Texas, and that she is absent from the state, and that her residence is unknown to this affiant."

The affidavit is assailed because the word "unknown," used in connection with the heirs, is not followed by the words "to affiant." We think it is clear that the want of knowledge could be referred only to the affiant, and the objection is without merit.

[2] The date of the issuance of the citation was sufficiently noted on the citation. The citation was dated and attested, and im-

mediately after the name of the officer issuing the writ were the words, "Issued same day." No formality about the date of issuance is required, but merely that "the date of its issuance shall be noted on same." That was done by the clerk. Vernon's Sayles' Tex. Civ. Stats. arts. 1876 and 2180.

The petition was not open to the attacks made upon it. There is nothing to indicate fraud upon the part of the plaintiff.

[3] Article 2026, Tex. Civ. Stats., provides:

"In cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by an attorney of his own selection, a new trial may be granted by the court upon the application of the defendant for good cause shown, supported by affidavit, filed within two years after the rendition of such judgment."

This proceeding is held to be a motion for new trial and not an original suit. Appellants are directly within the purview and application of that statute, and it offered to appellants an efficacious legal remedy. We are of opinion that they should have availed themselves of the provisions of the statute. The temporary writ of injunction was properly refused. However, if appellants had sought relief through the statute quoted, and had at the same time applied for an injunction to restrain transfer of the property, a different case would have been presented.

The judgment is affirmed.